GRIFFIS, J., specially
concurring:
¶ 38. Once again, we are faced with the “difficult question that is unique to the relationship between the unmarried parents of children born out of wedlock.” Brown v. Crum, 30 So.3d 1254, 1259 (¶ 21) (Miss.Ct.App.2010) (Griffis, J., Specially Concurring) (citing Romans v. Fulgham, 939 So.2d 849, 854-61 (¶¶ 21-57) (Miss.Ct.App.2006) (Griffis, J., dissenting) and Williams v. Stockstill, 990 So.2d 774, 778-83 (¶¶ 22-49) (Miss.Ct.App.2008) (Griffis, J., dissenting)). I have thoroughly expressed my legal argument in these cases. I will not restate it here.
¶ 39. I am of the opinion that it is error for the chancellor to treat this case as an initial custody determination rather than as a modification of child custody. For the twelve years since his birth, Marvin Fair did not attempt to obtain custody of M.T.F. Indeed, during this time, M.T.F. was left in the custody of his mother, Theresa Reed. When his mother could not provide for him, M.T.F. was sent to live with Irene Daniels. Reed did not object to Daniels providing care and having custody of M.T.F. In fact, in this action, Fair does not contest that Reed has had the primary legal responsibility for the custody and care of M.T.F. Fair further acknowledged Reed’s legal position as M.T.F.’s custodial parent when he paid her child support. Therefore, I see no need for a judicial determination of custody. Indeed, such custody determination was made by the de facto conduct of M.T.F.’s natural parents over the twelve years since M.T.F.’s birth.
¶ 40. I am of the opinion that the chancellor should have viewed Fair’s complaint for custody as a request for modification of custody. As such, “the chancellor’s duty is to determine if there has been a material change in the circumstances since the award of initial custody which has adversely affected the child and which, in the best interests of the child, requires a change in custody.” Sanford v. Arinder, 800 So.2d 1267, 1271 (¶ 15) (Miss.Ct.App.2001) (citations omitted). Had the chancellor considered whether there was a material change in circumstances that adversely affected M.T.F., the chancellor would certainly have found more than sufficient evidence to then move to an Albright analysis.
¶ 41. Indeed, the fact that Reed had transferred the primary custodial obligations of M.T.F. to Daniels and that M.T.F. had suffered sexual abuse while in Daniels’s custody was sufficient evidentia-ry proof that there had been a material change in circumstances that had adversely affected M.T.F. Since I find no error in the chancellor’s Albright analysis, I would affirm the chancellor but for different reasons. Therefore, I specially concur.
KING, C.J., JOINS THIS SEPARATE OPINION.